# EXHIBIT A



Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

July 18, 2023

*VIA ECF*

The Honorable Chief Judge Rodney Gilstrap
Sam B. Hall, Jr. Federal Building and U.S. Courthouse
100 East Houston St
Marshall, TX 75670

**Ricardo J. Bonilla**
Principal
rbonilla@fr.com
214 292 4012 direct

Re:     *Symbology Innovations, LLC v. Keurig Dr. Pepper, Inc.*
        USDC–E.D. Tex.: Case No. 2:23-cv-00249-JRG

Judge Gilstrap,

       Pursuant to the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101, the parties hereby submit their positions regarding their disagreement as to the necessity of claim construction to inform the Court's analysis as to patentability.

## I.       Keurig Dr. Pepper's position

       This case is a candidate for dismissal at the pleading stage because it is apparent from the face of the patent that the asserted claims are directed to ineligible subject matter. *See Ultramercial, Inc. v. Hulu*, LLC, 772 F.3d 709, 718–19 (Fed. Cir. 2014) (Mayer, J., concurring). Such a case should be dismissed even before claim construction when there is no plausible construction that could confer eligibility. *See Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (citing *id.* at 714–15; *Bancorp Servs. L.L.C v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273–74). Defendant's motion establishes that the asserted claims of the Patents-in-Suit are ineligible on their face, and there exists no plausible claim construction for any claim that would render the asserted claims eligible.

       Defendant has made a prima facie case for patent ineligibility, and the burden now shifts to Symbology to demonstrate a genuine claim construction dispute that could affect the outcome. *See Jedi Techs., Inc. v. Spark Networks, Inc.*, No. CV 1:16-1055-GMS, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017) (finding claim construction was not necessary where the plaintiff failed to identify any specific claims which, if scrutinized during claim construction, would impact the § 101 analysis, and granting motion to dismiss); *see also e.g., Voxathon LLC v. Alpine Elecs. of Am., Inc.*, No. 2:15-cv-562-JRG, 2016 WL 260350 at *4 (E.D. Tex. Jan. 21, 2016) (Gilstrap, C.J.) ("Since the proving of a negative is historically disfavored, once Defendants make a prima facie showing that an inventive concept is absent, it falls upon Voxathon to show that there is, in fact, an inventive concept actually present."). Symbology cannot do so, and therefore, this motion is ripe for consideration and should be granted.



The Honorable Chief Judge Rodney Gilstrap
July 18, 2023
Page 2

Symbology has not made Defendants aware of any claim construction disputes that could affect the Court's § 101 analysis. Consequently, the alleged need for claim construction does not preclude granting Defendant's motion.

## II.     Plaintiff Symbology's Position – (Non-Moving Party)

Claim construction is required to understand the moving party's position.   After Symbology sent Defendant its disputed issues for claim construction, Defendant used a prior template and stated that "Symbology has not made Defendants aware of any claim construction disputes that could affect the Court's § 101 analysis. Consequently, the alleged need for claim construction does not preclude granting Defendant's motion."  This is simply not accurate as the correspondence establishes exchanged among the parties.

### Claim Construction Issues Required for the Section 101 Analysis to be Completed.

A. The sequence (or order) of the elements occurring in the asserted patent claims is highly relevant and is different within just the presently disclosed asserted patent claims:
   a. Claim 1, '773 patent;
   b. Claim 1, '752 patent;
   c. Claim 1, '369 patent; and
   d. Claim 1 of the '190 patent.

B. Claim Constructions Required for these Disputed Terms:
   a. '773 patent, *claim 1.*
      i. "decode string"
      ii. "symbology associated with an object"
      iii. "visual detection applications"
   b. '752 patent, claim 1.
      i. "image capturing device"
      ii. "*receiving information about the object from the remote server wherein the information is based on the decode string of the object*"
      iii. "*a display device associated with the portable electronic device*"
   c. '369 patent, claim 1
      i. "detecting symbology associated with the digital image using a portable electronic device"
      ii. "symbology"
   d. '190 patent, claim 1
      i. "information about the digital image from the remote server wherein the information is based on the decode string"



The Honorable Chief Judge Rodney Gilstrap
July 18, 2023
Page 3


Sincerely,

**Ricardo J. Bonilla**
Principal
Counsel for Defendant


cc:   Counsel of record                                          Via ECF